UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW STADING,<br><br>               Plaintiff,<br><br>vs.<br><br>NOEL ROBERT PESALL, WILLIAM C. GARRY, PATRICK T. PARDY, and the STATE OF SOUTH DAKOTA,<br><br>               Defendants. | 4:23-CV-04153-CCT<br><br>ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR ASSISTED SERVICE AS MOOT |

    Plaintiff Andrew Stading filed a pro se lawsuit against Noel Robert Pesall, William Garry, Patrick Pardy, and the State of South Dakota. Docket 1. Stading's allegations are related to a civil South Dakota state court case he was involved in where he tried to file a civil lawsuit against parties he believed were interfering with his right to settle a debt in private. Docket 1-1 at 2. The state court civil case was dismissed by South Dakota Circuit Judge Patrick Pardy, a named defendant in this lawsuit. Docket 1-1 at 52. William Garry, one of the other named defendants in this lawsuit, was the attorney representing the defendants in the civil state court case. Docket 1-1 at 50.

    Stading also had state court criminal charges related to the same incident addressed in his state court civil case. Docket 1-1 at 33-34. Noel Robert Pesall is a magistrate judge in South Dakota state court, Third Judicial Circuit. Docket 1-1 at 32; *see also Third Judicial Circuit*, S.D. Unified Jud. Sys.,

https://ujs.sd.gov/Third_Circuit/Links/Contacts.aspx (last visited Aug. 19, 2024). Judge Pesall presided over Stading's state court criminal charges. *Id.* Stading's complaint does not specifically indicate direct allegations against the State of South Dakota, but states that the "wrongdoers conspire against me." Docket 1 at 3.

Stading claims the defendants in this case committed fraud against him, trespassed his claim, and interfered with his right to common law proceedings. He demands compensation for the trespass. Docket 1 at 2.

Defendant William Garry has moved to dismiss Stading's claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Docket 8.

On January 26, 2024, Stading moved for assisted service of process on defendants Noel Robert Pesall, Patrick Pardy, and the State of South Dakota. Docket 11.

**Jurisdictional Analysis**

Based on the cursory allegations in the complaint, the court questions whether Stading has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But because federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the court must first consider whether Stading's complaint involves a dispute or controversy within its jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

2

District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Stading's complaint does not allege a cause of action arising under the Constitution, laws, or treaties of the United States. Because federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable, the court must determine whether diversity jurisdiction exists. Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Stading, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

According to Stading's complaint, he is a resident of Egan, South Dakota. Doc. 1 at 1. Stading alleges that Pesall, Garry, and Pardy are all residents of South Dakota. *Id.* Thus, Stading has not met his burden of demonstrating that the parties are citizens of different states. *See Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) ("When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties.") (citation omitted)).

Further, Stading's complaint does not indicate the amount of money damages he is seeking. Docket 1 at 2, 4. Because Stading's complaint does not

3

allege an amount in controversy in excess of $75,000, the court lacks subject matter jurisdiction. *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) ("The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional minimum.") (citation omitted)).

Stading's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) due to lack of subject matter jurisdiction. *See Sanders*, 823 F.2d at 216 (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases.") (citation omitted)).

Thus, it is ORDERED:

1. That Stading's complaint (Docket 1) is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) due to lack of subject matter jurisdiction.

2. That Stading's Motion for Assisted Service (Docket 11) on defendants Noel Robert Pesall, Patrick Pardy, and the State of South Dakota is denied as moot.

Dated August 20, 2024.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE